| | |
|---|---|
| DEFENDERS OF WILDLIFE, SIERRA CLUB, STATEWIDE ORGANIZING FOR COMMUNITY EMPOWERMENT, and TENNESSEE CLEAN WATER NETWORK, | No. 3:13-cv-00698-PLR-CCS |
| Plaintiffs, | Judge Pamela L. Reeves |
| v. | Magistrate Judge C. Clifford Shirley, Jr. |
| S.M.R. JEWELL, in her official capacity as U.S. Secretary of the Interior; JOSEPH PIZARCHIK, in his official capacity as Director of the U.S. Office of Surface Mining, Reclamation, and Enforcement; U.S. OFFICE OF SURFACE MINING, RECLAMATION, AND ENFORCEMENT; DAN ASHE, in his official capacity as Director of the U.S. Fish & Wildlife Service, and U.S. FISH & WILDLIFE SERVICE, | |
| Defendants. | |

**CONSENT DECREE**

Plaintiffs Defenders of Wildlife, Sierra Club, Statewide Organizing for Community eMpowerment, and Tennessee Clean Water Network (collectively, "Plaintiffs"); and Defendants S.M.R. Jewell, in her official capacity as U.S. Secretary of the Interior, Joseph Pizarchik, in his official capacity as Director of the U.S. Office of Surface Mining, Reclamation, and Enforcement ("OSMRE"), OSMRE, Dan Ashe, in his official capacity as Director of the U.S. Fish & Wildlife Service ("FWS"), and FWS (collectively, "Defendants")—and their successors and assigns—by and through undersigned counsel, hereby enter into the following Consent

Decree for the purpose of resolving the above-captioned litigation in its entirety. Plaintiffs and Defendants (collectively, the "Parties") state as follows:

WHEREAS Plaintiffs filed this action on May 16, 2013 in the U.S. District Court for the Middle District of Tennessee seeking, *inter alia*, an order directing OSMRE and FWS to complete project-specific consultation pursuant to Section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), regarding the effects of OSMRE's issuance of surface mining permits for the Zeb Mountain Mine Number 7 (Permit No. 3249, formerly Nos. 3154 and 3116) and Davis Creek Mine Area No. 5 (Permit No. 3218) surface mines pursuant to the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. §§ 1201–1328, on the blackside dace and Cumberland darter; and

WHEREAS on November 26, 2013, the U.S. District Court for the Middle District of Tennessee granted Defendants' motion to transfer this matter to the U.S. District Court for the Eastern District of Tennessee; and

WHEREAS on May 1, 2014, Defendants filed a motion to dismiss this action in its entirety, which the Court granted in part and denied in part on January 28, 2015, dismissing Counts V, VI, VII, and VIII of Plaintiffs' First Amended Complaint; and

WHEREAS on July 17, 2015, Plaintiffs filed a motion for summary judgment on the remaining Counts I, II, III, and IV of their First Amended Complaint; and

WHEREAS on July 17, 2015, OSMRE received Revision No. 06 for Davis Creek Mine Area No. 5 (Permit No. 3218) from the permit holder, which proposes to revise the existing permit by removing the Coal Creek coal seam from the Mining Operations Plan, in addition to other changes; and

2

WHEREAS on September 14, 2015, OSMRE voluntarily sent a written request to FWS requesting completion of formal, project-specific ESA Section 7(a)(2) consultation on the effects of the Zeb Mountain Mine Number 7 (Permit No. 3249, formerly Nos. 3154 and 3116) and Davis Creek Mine Area No. 5 (Permit No. 3218) on ESA-listed species, including the blackside dace and Cumberland darter, a copy of which is appended hereto as Exhibit A for illustrative purposes only; and

WHEREAS on September 15, 2015, FWS provided a written response to OSMRE's request, agreeing to complete formal, project-specific ESA Section 7(a)(2) consultation on the effects of the Zeb Mountain Mine Number 7 (Permit No. 3249, formerly Nos. 3154 and 3116) and Davis Creek Mine Area No. 5 (Permit No. 3218) surface mines on ESA-listed species, including the blackside dace and Cumberland darter, a copy of which is appended hereto as Exhibit B for illustrative purposes only; and

WHEREAS on September 21, 2015 the Court granted the Parties' joint request to stay all proceedings in this litigation for 45 days, to November 2, 2015, to allow the Parties to discuss a possible settlement; and

WHEREAS on September 24, 2015, OSMRE sent written notifications to the operators of the Zeb Mountain Mine Number 7 (Permit No. 3249, formerly Nos. 3154 and 3116) and Davis Creek Mine Area No. 5 (Permit No. 3218) surface mines, informing them that OSMRE and FWS would be completing formal project-specific consultation on the respective mining permits and that actions should not be taken on the permits that could result in adverse impacts to ESA-listed species or critical habitat in the interim, copies of which are appended hereto as Exhibits C and D for illustrative purposes only; and

WHEREAS, on October 2, 2015 OSMRE submitted to FWS a draft of its biological assessment pursuant to 50 C.F.R. § 402.12(f) of the potential effects of the Davis Creek Mine Area No. 5 (Permit No. 3218) on, *inter alia*, the blackside dace and Cumberland darter; and

WHEREAS, FWS provided feedback to OSMRE on the draft biological assessment and is currently working with OSMRE to finalize the biological assessment; and

WHEREAS on October 28, 2015 representatives of all Parties met in person in Knoxville, Tennessee, at OSMRE's Field Office to discuss a potential settlement of this litigation; and

WHEREAS on November 13, 2015, the Court granted the Parties' joint request to continue the stay of all proceedings pending further order, with a joint status report to be filed on or before December 14, 2015; and

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Counts I, II, III, and IV of Plaintiffs' First Amended Complaint; and

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1.  OSMRE and FWS agree to complete formal, project-specific ESA Section 7(a)(2) consultation on the effects of the Zeb Mountain Mine Number 7 (Permit No. 3249, formerly Nos. 3154 and 3116) on the blackside dace and Cumberland darter and designated critical habitat for the Cumberland darter. To wit:

(a) OSMRE agrees to submit a biological assessment to FWS pursuant to 50 C.F.R. § 402.12(f).

(b) FWS agrees to review OSMRE's biological assessment promptly after receiving it and provide feedback to OSMRE regarding whether it contains adequate information to complete formal, project-specific ESA Section 7(a)(2) consultation.

(c) OSMRE agrees to provide Plaintiffs' trial counsel with a copy of the biological assessment promptly after it is finalized.

(d) After receiving a consultation package that it deems complete, FWS agrees to provide OSMRE with its project–specific biological opinion and, if appropriate, an incidental take statement. FWS agrees to provide a copy of the biological opinion and any accompanying incidental take statement to Plaintiffs' trial counsel promptly after they are finalized.

2. OSMRE and FWS agree to complete formal, project-specific ESA Section 7(a)(2) consultation on the effects of the Davis Creek Mine Area No. 5 (Permit No. 3218) on the blackside dace and Cumberland darter. To wit:

(a) FWS agrees to continue to work with OSMRE to finalize the biological assessment that OSMRE submitted on October 2, 2015 pursuant to 50 C.F.R. § 402.12(f).

(b) OSMRE agrees to provide Plaintiffs' trial counsel with a copy of the biological assessment promptly after it is finalized.

(c) After receiving a consultation package that FWS deems complete, FWS agrees to provide OSMRE with its project–specific biological opinion and,

if appropriate, incidental take statement. FWS agrees to provide a copy of the biological opinion and any accompanying incidental take statement to Plaintiffs' trial counsel promptly after they are finalized.

  (d)  OSMRE agrees not to make a final determination on Revision 6 to Permit No. 3218 until consultation is complete.

3. It is difficult to predict with certainty the amount of time that will be required to complete the consultations referenced in Paragraphs 1 and 2. OSMRE and FWS will attempt, in good faith, to complete the consultations referenced in Paragraphs 1 and 2 above by May 1, 2016. The possibility exists, however, that circumstances could delay completion of consultation. If OSMRE and FWS are unable to complete one or both of the consultations by May 1, 2016, the agencies will provide Plaintiffs with monthly status reports, beginning on May 1, 2016 and continuing until the consultation(s) have been completed.

4. Within 30 days of receiving the biological opinions and any incidental take statements FWS issues pursuant to Paragraphs 1 and 2, OSMRE will make written determinations as to whether any permitting action(s) regarding Permit No. 3249 (formerly Nos. 3154 and 3116) and/or Permit No. 3218 is warranted. OSMRE agrees to provide a copy of its determinations to Plaintiffs' trial counsel promptly after they are finalized.

5. Upon approval of this Consent Decree by the Court, Counts I, II, III, and IV and the remainder of Plaintiffs' First Amended Complaint are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

6. The Parties agree that the dismissal pursuant to Paragraph 5 shall not impair any right Plaintiffs may have under existing law to challenge the biological opinions and any incidental take statements FWS produces pursuant to Paragraphs 1 and 2, and/or OSMRE's

decisions following issuance of the biological opinions and any incidental take statements. The Parties further agree that any such challenge can only be brought as a new lawsuit and not as part of the above-captioned case. Defendants reserve all defenses to any such lawsuit.

7.     This Consent Decree contains all of the agreements between the Parties, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiffs' causes of action in this case. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Consent Decree, whether written or oral, are of no further legal or equitable force or effect.

8.     The obligations imposed upon Defendants under this Consent Decree can only be undertaken using appropriated funds. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

9.     The terms of this Consent Decree do not constitute a commitment or requirement that Defendants take any actions in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural, or otherwise modify the discretion afforded to any Defendants under any applicable statute(s).

10.    This Consent Decree was negotiated in good faith and constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. This Consent Decree does not represent an admission by the Parties to any fact, claim, or defense in this lawsuit and thus has no precedential value as to the merits of any claims.

11.    Plaintiffs are both eligible and entitled to recover from the United States their costs of litigation, including reasonable attorneys' fees, incurred in connection with this action.

At the time Plaintiffs' claims are dismissed with prejudice pursuant to Paragraph 5, the Parties will jointly request that the Court extend by 90 days the deadline for filing a motion for costs of litigation, including reasonable attorneys' fees. During this period, the Parties will seek to resolve any claim for costs of litigation, including reasonable attorneys' fees, informally. Nothing in this Paragraph shall diminish Defendants' right to object to the amount of the costs of litigation, including reasonable attorneys' fees, claimed by Plaintiffs, including the hourly rates claimed by Plaintiffs in connection with such claim. The Parties agree that the Court should retain jurisdiction over this matter to adjudicate any claim for attorneys' fees and/or costs filed by Plaintiffs.

12. The undersigned representatives of each party certify that they are fully authorized by the Party or Parties they represent to execute this stipulation.

13. The Parties agree that the Court should retain jurisdiction over this matter to enforce the terms of this Consent Decree. The terms of this Consent Decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of those parties and granted by the Court upon a showing of good cause. The Parties shall make every effort to comply with each of the obligations set forth herein in good faith. In the event that either Plaintiffs or Defendants seek to modify the terms of this Consent Decree or in the event of a dispute arising out of or relating to this Consent Decree, or in the event that either Plaintiffs or Defendants believe that the other has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in person) within 30 days in a good-faith

8

Case 3:13-cv-00698-PLR-CCS   Document 132   Filed 01/19/16   Page 8 of 9   PageID #: 1131

effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves within 45 days of such meeting, either Party may seek relief from the Court by motion to enforce the terms of the Consent Decree. A party seeking to enforce this Consent Decree shall not seek to invoke the contempt powers of the Court in aid of its enforcement.

IT IS SO STIPULATED.

Dated: January 14, 2016

/s *Jane P. Davenport*
Jane P. Davenport, *pro hac vice*, NJ Bar No. 02109-2007
Michael P. Senatore, *pro hac vice*, DC Bar No. 453116
Defenders of Wildlife
1130 17th St., NW
Washington, D.C. 20036-4604
202.772.3274 (tel)
jdavenport@defenders.org

*Attorneys for Plaintiffs*

s/ *Robert P. Williams*
ROBERT P. WILLIAMS
Trial Attorney (Bar No. 474730 (DC))
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0206
Facsimile: (202) 305-0275
robert.p.williams@usdoj.gov

*Attorney for Defendants*

**CONSIDERED AND APPROVED, IT IS SO ORDERED.**

Dated: January 19, 2016

**PAMELA L. REEVES**
**UNITED STATES DISTRICT JUDGE**

9